IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:19-CR-040-PLR-HBG-1 |
| STACEY E. WILLIAMS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on February 20, 2020, for a motion hearing on Defendant's Motion to Review Appointment of Counsel [Doc. 45], filed on February 19, 2020. Assistant United States Attorneys Brent Jones and Anne Marie Svolto were present for the Government. Assistant Federal Defenders Benjamin Sharp and Nakeisha Jackson, with the Federal Defender Services of Eastern Tennessee ("FDSET"), appeared on behalf of Defendant Williams, who was also present. Attorney Cullen Wojcik was also present.

In their Motion to Review Appointment of Counsel [Doc. 45], defense counsel state that Defendant has requested that substitute counsel be appointed in his case. Attorney Sharp stated that he met with Defendant, and Defendant stated that he wished to proceed with new counsel due to further issues with the attorney-client relationship. The Government stated that it takes no position on the pending motion.

Based upon the representations of Attorney Sharp and Defendant during the hearing, the Court finds that the trust necessary for the attorney-client relationship is irretrievably broken and the ability to communicate is significantly eroded. Further, the Court notes the lack of prejudice to the Defendant resulting from the substitution of counsel because of the presence of a Superseding Indictment [Doc. 47] filed on February 19, 2020. Accordingly, the Court finds that good cause exists to grant the request for substitution of counsel. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

Therefore, Defendant's Motion to Review Appointment of Counsel [Doc. 45] is **GRANTED**, and Attorneys Sharp and Jackson and the FDSET are **RELIEVED** as counsel of record for Defendant. At the end of the hearing, Attorney Wojcik agreed to accept representation of the Defendant if the present motion was granted. The Court therefore and hereby **SUBSTITUTES and APPOINTS** Attorney Wojcik under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for Defendant. Attorneys Sharp and Jackson are **DIRECTED** to turn over all discovery and the Defendant's file to Attorney Wojcik. The Government represented that discovery on the Superseding Indictment would be made shortly after the hearing.

Attorney Wojcik then orally moved to continue the trial date of February 25, 2020. Attorney Wojcik argued that a continuance is necessary to provide him time to review the discovery and the Superseding Indictment, meet with the Defendant, and prepare the case for trial. Attorney Wojcik stated that Defendant was waiving his speedy trial rights with respect to the continuance. The Government stated that it did not object to a continuance. The parties then agreed on a new trial date of June 30, 2020.

Given the circumstances of Attorney Wojcik's appointment, the Court finds that the failure to continue the trial in this case would deprive defense counsel of the reasonable time necessary to prepare the case for trial, even considering his acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). Accordingly, Defendant's oral motion to continue is **GRANTED**, and the trial of this matter is reset to **June 30, 2020**. The Court finds that all the time between the motion hearing on February 20, 2020, and the new trial date of June 30, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(7)(A)-(B). With regard to other scheduling in this case, the pretrial motion deadline was reopened at Defendant's request and reset for **March 27, 2020.** Responses to motions are due on or before **April 10, 2020**. At the parties' request, the Court also set a deadline of **May 8, 2020** for the Government's expert witness filing date, with any resulting *Daubert* motions filed by **May 22, 2020**. The parties are to appear before the undersigned for a pretrial conference on **June 22, 2020 at 11:00 a.m.** The date shall also be the deadline for concluding plea negotiations and providing reciprocal discovery. The Court instructs the parties that all motions *in limine* must be filed no later than **June 15, 2020**. Special requests for jury instructions shall be submitted to the District Judge no later than **June 19, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant's Motion to Review Appointment of Counsel [**Doc. 45**] is **GRANTED**. Attorneys Sharp and Jackson and the FDSET are **RELIEVED** of further representation of Defendant and are **DIRECTED** to provide new defense counsel with the discovery and information from Defendant's file as soon as possible;

(2) Attorney Cullen Wojcik is **SUBSTITUTED** and **APPOINTED** as counsel of record for Defendant pursuant to the CJA;

(3) Defendant's oral motion to continue is **GRANTED**;

(4) The trial of this case is reset to commence on **June 30, 2020**, **at 9:00 a.m.**, before the Honorable Pamela L. Reeves, Chief United States District Judge;

(5) All time between the oral motion to continue on **February 20, 2020** and the new trial date of **June 30, 2020** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(6) The deadline for filing pretrial motions is reset to **March 27, 2020**;

(7) Responses to motions are due on or before **April 10, 2020**;

(8) The Government's expert witness filing date was set for **May 8, 2020**, with any resulting *Daubert* motions filed by **May 22, 2020**;

(9) The parties are to appear before the undersigned for a pretrial conference on **June 22, 2020, at 11:00 a.m.** This date is also the deadline for concluding plea negotiations and for providing reciprocal discovery;

(10) All motions *in limine* must be filed no later than **June 15, 2020**; and

(11) Special requests for jury instructions shall be submitted to the District Judge no later than **June 19, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

          ENTER:

          *Bruce Guyton*
          United States Magistrate Judge