IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-40-KAC-HBG |
| | ) | |
| STACEY EDWARD WILLIAMS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

The parties came before the undersigned on November 1, 2021, for a motion hearing on Defendant's two *pro se* Motions to Substitute Counsel [Docs. 112 & 115],[1] which were filed on October 26 and 27, 2021, and referred to the undersigned on October 27 [Doc. 113] and October 28, 2021 [Doc. 116]. Assistant United States Attorneys Brent Nelson Jones and Anne-Marie Svolto appeared on behalf of the Government. Attorney Gerald L. Gulley, Jr., appeared with Defendant Stacey Williams, who was also present.

The Court substituted Mr. Gulley as Defendant Williams's third counsel of record on March 20, 2020 [Doc. 64]. In the instant *pro se* motions, Defendant asks the Court to appoint substitute counsel, because he and Mr. Gulley have not had any communication and he has not returned the calls of Defendant's family members, Mr. Gulley declined to file pretrial motions that Defendant believes should be filed, Mr. Gulley has only met with him regarding plea offers, and he questions whether Mr. Gulley has reviewed his case. At the November 1 hearing, Mr. Gulley

---

[1] These two motions are identical and are dated October 22, 2021. To the second motion, Defendant has attached a letter [Doc. 115-1] from a consulting expert to Defendant's prior counsel and a copy of a pro se Motion to Dismiss Indictment dated June 22, 2020 [Doc. 115-2]. Defendant failed to sign either motion for substitution or the motion to dismiss. However, at the November 1 hearing, Defendant confirmed that he was seeking the substitution of counsel.

requested that the Court discuss Defendant's concerns with Defendant in a sealed hearing. AUSA Jones said the Government opposes substitution of counsel on the day before trial. AUSA Jones argued that this case has been pending for more than two years and that Defendant has had multiple counsel in that time. He stated that the Government is prepared to move forward with trial tomorrow and that from all appearances, Mr. Gulley is too.

A defendant seeking the substitution of court-appointed counsel must show good cause for the substitution, such as an actual conflict of interest, a complete breakdown in communications between attorney and client, or an irreconcilable break in the attorney-client relationship. *Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985). When a defendant states that he or she is dissatisfied with counsel, the Court must examine the defendant's contentions to determine if good cause exists to grant substitute counsel. *United States v. Vasquez*, 560 F.3d 461, 466 (6th Cir.), *cert. denied* 130 S. Ct. 476 (2009). In assessing good cause, the Court considers (1) the timeliness of the request for new counsel, (2) the extent of the problem between the attorney and the defendant, including whether the rift is so great that it prevents an adequate defense, and (3) the balance between the defendant's interest in new counsel and "'the public's interest in the prompt and efficient administration of justice.'" *Id.* (quoting *United States v. Mack*, 258 F.3d 548, 556 (6th Cir. 2001)).

In the instant case, the Court conducted a sealed, *ex parte* inquiry to learn the nature and extent of Defendant Williams's dissatisfaction with counsel. Without going into the confidential details of that discussion, the Court concludes that no basis exists to substitute new counsel for Mr. Gulley or to relieve Mr. Gulley of his representation of Defendant Williams. The Court finds Defendant's request for new counsel is untimely, occurring one week before trial, with

2

a hearing thereon occurring the day before trial.[2] The Court also finds that the rift in the attorney-client relationship is not insurmountable and is in no way the fault of counsel. Instead, Defendant's desire for new counsel appears to be based on his unfounded disregard of Mr. Gulley's advice. Finally, given the Defendant's failure to demonstrate good cause for the substitution of counsel and the length of time that this case has been pending, the Court finds that the public's interest in the efficient administration of justice outweighs the Defendant's interest in new counsel. The Court concludes that all the *Vasquez* factors weigh decidedly against the substitution of counsel. Accordingly, the Defendant's *pro se* motions for new counsel [**Docs. 112 & 115**] are **DENIED**.

**IT IS SO ORDERED.**

ENTER:

Bruce Guyton
United States Magistrate Judge

---

[2] The Court notes that Defendant filed a letter on October 19, 2021 [Doc. 105], expressing some of the same concerns about counsel that he raises in his motions to continue. Following submission of this letter, Defendant did not raise any issues with the attorney-client relationship in the pretrial conference before District Judge Crytzer on October 21, 2021. Moreover, the Court finds that even if this letter were construed as a motion for new counsel, which it is not, it would have still been untimely.