IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 3:19-CR-40-KAC-JEM |
| STACEY EDWARD WILLIAMS, JR., | ) ) ) | |
| Defendant. | ) ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned on Defendant Stacey Williams's pro se Motion for Appellate Attorney [Doc. 178], which was referred to the undersigned for disposition or recommendation [Doc. 180]. *See* 28 U.S.C. § 636(b).[1] On June 27, 2022, Defendant Williams filed a pro se Notice of Appeal [Doc. 177]. That same day, Defendant filed the referred motion, requesting the appointment of new counsel on appeal [Doc. 178]. The Court recommends that Defendant's motion for the appointment of appellate counsel be denied because this Court no longer has jurisdiction over Defendant's case and the appellate court has already recognized Defendant's trial counsel[2] as his counsel on appeal.

"'Filing a notice of appeal transfers adjudicatory authority from the district court to the court of appeals.'" *United States v. Carman*, 933 F.3d 614, 617 (6th Cir. 2019) (quoting *Manrique v. United States*, 137 S. Ct. 1266, 1271 (2017)). A notice of appeal divests the district court of jurisdiction to appoint counsel for the appeal. *See Ward v. Wolfenbarger*, No. 03-CV-72701-DT,

---

[1] A magistrate judge may make a recommended disposition on "applications for post[-]trial relief by individuals convicted of criminal offenses[.]" 28 U.S.C. § 636(b)(1)(B).

[2] On March 20, 2020, the Court substituted and appointed Attorney Gerald L. Gulley, Jr., to represent Defendant Williams [Doc. 64]. Mr. Gulley represented Defendant through trial and sentencing and filed a Notice of Appeal of Defendant's conviction and sentence [Doc. 175].

2020 WL 8617551, at *2 (E.D. Mich. Sept. 23, 2020) (holding that "[b]ecause jurisdiction of this action was transferred from the district court to the Sixth Circuit Court of Appeals upon the filing of the notice of appeal, petitioner's motion for the appointment of appellate counsel would be more appropriately addressed to the Sixth Circuit"), *appeal filed*, *Ward v. Chapman,* No. 20-2014 (6th Cir. Oct. 16, 2020); *see also United States v. ex rel. Guest v. Page*, No. 95C5034, 2004 WL 2260620, at *1 (N.D. Ill. Oct. 4, 2004) (denying petitioner's motion for appointment of appellate counsel "for lack of jurisdiction"); *Grizzell v. State of Tennessee*, 601 F. Supp. 230, 232 (M.D. Tenn. 1984) ("[S]ince jurisdiction of this action was transferred from this Court to the Court of Appeals on August 8, 1984, the petitioner's application for the appointment of counsel is more appropriately addressed to the latter Court."). Here, Defendant Williams's court-appointed counsel filed a Notice of Appeal on June 24, 2022 [Doc. 175]. The filing of the Notice of Appeal divested this Court of jurisdiction to appoint counsel on appeal.

The Court observes that the district court retains "'limited jurisdiction'" to act on matters that aid the appeal. *Carman*, 933 F.3d at 617 (quoting *United States v. Sims*, 708 F.3d 832, 834 (6th Cir. 2013)). The matters that fall within this limited jurisdiction are "narrowly defined" and restricted to matters that do not "alter the case on appeal." *Id.* (citations, quotations, and emphasis omitted). The Court finds that the appointment of appellate counsel does not fall within its limited, retained jurisdiction, because the appellate court has already extended trial counsel's appointment [*See* Doc. 176 (stating that trial counsel's "appointment under the Criminal Justice Act is extended

automatically")]. The Sixth Circuit has informed trial counsel that he is required to continued representing Defendant on appeal "until specifically relieved by this Court," even if Defendant filed the notice of appeal [Doc. 176 p. 1].

Pursuant to the Sixth Circuit's Rules, "[t]rial counsel in criminal cases must continue representation of the defendant on appeal unless relieved by the court." 6th Cir. R. 12(c)(1). "If the district court appointed trial counsel, this court will appoint trial counsel as appellate counsel when the notice of appeal is filed . . . [without] further proof of indigence." *Id.* at 12(c)(2). Rule 12(c)(4) provides the procedures for withdrawal of appellate counsel. The Court finds that substitution of new appellate counsel for trial counsel would alter the appellate court's recognition of trial counsel as Defendant's counsel on appeal and would contravene the appellate court's rule that trial counsel continue to represent Defendant on appeal until relieved by the appellate court.

As a final matter, the Court observes that the Sixth Circuit dismissed Defendant Williams's pro se appeal as duplicative of the appeal previously filed by trial counsel [Doc. 182]. Accordingly, the appeal for which Defendant seeks appointment of counsel has been dismissed, and Defendant is represented by counsel in his appeal pending before the Sixth Circuit. To the extent Defendant seeks to be represented by different counsel on appeal, Defendant must direct any request for substitute counsel to the appellate court.

3

For the reasons discussed herein, the undersigned respectfully **RECOMMENDS** that Defendant's pro se Motion for Appellate Attorney [**Doc. 178**] be denied.[3]

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge

---

[3] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).