UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:19-CR-40-KAC-JEM-1 |
| | ) |
| STACEY EDWARD WILLIAMS JR., | ) |
| | ) |
| Defendant. | ) |

**<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>**

This criminal case is before the Court on United States Magistrate Judge Jill E. McCook's "Report and Recommendation" ("Report") entered on July 21, 2022 [Doc. 183]. *See* 28 U.S.C. § 636(b)(1) ("[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). The Parties did not file any objections to the Report, and the deadline to object has passed [*See id.* at 4 n.3 (providing "fourteen (14) days . . . to file objections"). *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); *see also* Fed. R. Crim P. 59(b)(2) ("Failure to object in accordance with this rule waives a party's right to review.").

This District Court "retains limited jurisdiction to take actions in aid of the appeal," *United States v. Sims*, 708 F.3d 832, 834 (6th Cir. 2013) (cleaned up), but not "actions that alter the case on appeal," *United States v. Carman*, 933 F.3d 614, 617 (6th Cir. 2019). Here, Defendant, who is represented by counsel appointed under the Criminal Justice Act, moves this District Court to appoint new counsel on appeal [*See* Doc. 178; *see also* Doc. 181 at 2 (letter from Sixth Circuit Case Manager referencing defense counsel's continued appointment)]. But, in this case, authority to relieve current appellate counsel and appoint new appellate counsel is rightfully reserved to the Circuit Court [*See* 6 Cir. R. 12(c)(2) ("Appellant need not provide further proof of indigence");

*see also* 6 Cir. R. 12(c)(4)(C)-(D) (providing procedures to seek appointment of new counsel on appeal)]. Accordingly, the Court **ACCEPTS** and **ADOPTS** Judge McCook's Report, [Doc. 183], and **DENIES** Defendant's "Motion for Appellant Attorney," [Doc. 178], without prejudice. "Defendant must direct any request for substitute counsel to the appellate court" [Doc. 183 at 3].

    IT IS SO ORDERED.

                                                                              _/s/ Katherine A. Crytzer_
                                                        KATHERINE A. CRYTZER
                                                        United States District Judge