UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>STACEY EDWARD WILLIAMS, JR.; )<br>)<br>Defendant. ) | 3:19-CR-40-KAC-JEM-1 |

## ORDER DENYING MOTIONS

This criminal case is before the Court on the pro se (1) "Motion to Compel Defense Counsel to Surrender the Case File" [Doc. 207] and (2) Motion for Extension of Time to file a Section 2255 Petition [Doc. 210] filed by Defendant Stacey Edward Williams Jr. For the reasons below, the Court denies both motions.

On November 5, 2021, a jury found Defendant guilty of (1) aiding and abetting the distribution of fentanyl and acetyl fentanyl resulting in death and (2) possessing a firearm as a convicted felon, and (3) several other drug-related charges [*See* Doc. 131]. At that time, Defendant was represented by counsel. On June 23, 2022, the Court sentenced Defendant to a term of life imprisonment [Doc. 173 at 1-3]. Defendant appealed, [*see* Doc. 175], and the United States Court of Appeals for the Sixth Circuit affirmed, [*see* Doc. 201]. On October 8, 2024, the Supreme Court declined Defendant's petition for certiorari [Doc. 206].

Thereafter, Defendant filed two pro se Motions related to a potential claim for habeas relief under 28 U.S.C. § 2255 [*See* Docs. 207, 210]. First, Defendant filed a motion asking the Court to "compel[] [former] Defense Counsel" at the trial level to "surrender the Case/Work File he created in representing" Defendant [Doc. 207 at 1]. Defendant asserts that he "intends to file a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255" for "INEFFECTIVE

ASSISTANCE [of counsel]" and that he needs various documents to do so, "includ[ing] but not limited to" all "Transcripts," "Discovery," and "Court filings" and "All other notes, letters, [and] correspondence" "associated with" Defendant's criminal case [*Id.* at 1-2]. Second, on December 22, 2025 Defendant filed a motion requesting "an extension" to file a habeas petition under "Section 2255" [Doc. 210 at 1]. Asserting that the statute of limitations has run on his Section 2255 claim, Defendant requests additional time to obtain "a copy of my [his] indictment" and "trial transcripts" before filing a Section 2255 petition [*Id.*].

Starting with Defendant's request for an extension of time to file a Section 2255 motion beyond the applicable statute of limitations, "federal courts may permit equitable tolling of the [Section] 2255 statute of limitations" in some situations. *See United States v. Asakevich*, 810 F.3d 418, 420-21 (6th Cir. 2016) (citations omitted). "But that grace period" may "appl[y] only" when a defendant "actually filed" a Section 2255 petition. *Id*. at 421. If a defendant has not filed a Section 2255 petition, the Court lacks jurisdiction to grant an extension of time to file a petition. *Id.* (explaining that district courts have "no license to issue advisory opinions" and cannot "permit . . . [equitable] tolling based on a hypothetical state of facts" (internal quotation omitted). At bottom, because Defendant has not "actually filed"[1] a Section 2255 petition, the Court lacks jurisdiction to grant the extension he requests. *See Asakevich*, 810 F.3d at 421. So the Court denies that Motion.

---

[1] District courts have discretion to "construe" an "extension motion as a [Section] 2255 action." *Id.* (*citing Castro v. United States*, 540 U.S. 375, 381-83 (2003)). But courts should only do so where the extension motion "evidence[s] clear intent to serve as a [Section] 2255 petition." *See Johnson v. United States*, 457 F. App'x 462, 467 (6th Cir. 2012). No clear intent is present here [*See* Doc. 210 at 1 (explaining to the contrary that Defendant is "waiting on . . . legal material" before initiating a Section 2255 action)]. And construing Defendant's Motion as a Section 2255 petition would be to his detriment because the "petition" would conclusively show that he is not entitled to relief [*See* Doc. 210]. *See* 28 U.S.C. § 2255(b).

2

Next, Defendant seeks the "complete Case/Work File" that former trial counsel "created" while representing Defendant [Doc. 207 at 1, 4]. But Defendant cites no law that entitles him unfettered access to attorney-work-product to prepare a Section 2255 or other post-judgment motion. *See United States v. Nobles*, 422 U.S. 225, 238 (1975) (Noting that "[a]t its core, the work-product doctrine" is meant to "shelter[] the mental processes of the attorney"). Even presuming that as a former client, Defendant could obtain the attorney work product he seeks from counsel, *see e.g.*, *In re Black Diamond Min. Co., LLC*, 507 B.R. 209. 216 (E.D. Ky. 2014) (bankruptcy case) (opining that attorneys may not "invoke the work-product doctrine against their own clients"), no law requires the Court to afford Defendant discovery at this juncture, *see United States v. Sanders*, 106 F.4th 455, 472 (6th Cir. 2024) ("The Constitution affords a criminal defendant no general right to discovery" (citing *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)); *see also Rules Governing Section 2255 Proceedings in the United States District Courts* Rule 4(b) (authorizing "a party to conduct discovery" upon a showing of "good cause" but only where a Section 2255 action has first been initiated). And Plaintiff offers no facts to explain how the requested work-product would aid in preparing his claim. Without making some sufficient showing, Defendant would not be entitled to those documents. *See Sanders*, 106 F.4th at 472.

As for the "Court filings" and other publicly-available records Defendant requests, this Court has a standard practice for permitting litigants to request copies of Court filings and publicly available records. A litigant who wishes to receive copies must make an appropriate request. It appears Plaintiff has not done so [*See* Doc. 209-1 (indicating that the Clerk's Office mailed a Copy Request Notice to Defendant notifying him that he failed to pay the required fee as of September 12, 2025)]. *See* 28 U.S.C. § 1914. The law does provide a potential avenue for Defendant to

3

obtain transcripts paid for by the United States. *See* U.S.C. § 753(f). But Defendant has not met those requirements here. *See id.*

Accordingly, the Court **DENIES** Defendant's Motions [Docs. 207, 210]. If Defendant wishes to file a Section 2255 Petition, he must do so promptly and consistent with 28 U.S.C. § 2255.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge